### HARRIS v. TREADAWAY et ux.

(Circuit Court of Appeals, Fifth Circuit. November 5, 1924.)

#### No. 4297.

1. **Bankruptcy** ⬅️303(1)—**Bankrupt and wife, as defendants in trustee's action to cancel bankrupt's deeds to wife, had burden of proving integrity of transaction.**

In trustee's action against bankrupt and his wife to set aside bankrupt's conveyances to wife, because made with intent to hinder, delay, and defraud creditors, the bankrupt and wife had burden of sustaining the integrity of the transaction.

2. **Bankruptcy** ⬅️303(3)—**Evidence held to sustain finding that deed to wife was not made with intent to hinder, delay, and defraud creditors.**

In trustee's action against bankrupt and wife to cancel bankrupt's deed to wife made to satisfy indebtedness to wife, executed at a time when husband's credit was good, but not recorded until other creditors had begun to demand security for their debts, evidence *held* to

sustain finding that deed was not made with intent to hinder, delay, and defraud creditors.

3. **Bankruptcy** ⊚⇒303(3)—**Failure of bankrupt and wife to corroborate their testimony as to wife's payment of consideration for land conveyed by bankrupt to wife held to warrant decree canceling deed.**

In trustee's action against bankrupt and wife to set aside bankrupt's deed to wife, of land for which he claimed wife had paid certain amount, as against contention that conveyance was made with intent to hinder, delay, and defraud creditors, failure of bankrupt and wife to corroborate their testimony as to payment of such consideration *held* to warrant decree for trustee.

Appeal and Cross-Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by G. A. H. Harris, Jr., trustee in bankruptcy of T. J. Treadaway, against Thomas J. Treadaway and wife. To review the judgment rendered, both parties appeal. Affirmed.

G. E. Maddox and Barry Wright, both of Rome, Ga. (Willingham, Wright & Covington and Maddox, Matthews & Owens, all of Rome, Ga., on the brief), for trustee.

L. A. Dean, of Rome, Ga. (E. P. Treadaway and Lamar Camp, both of Rome, Ga., on the brief), for defendants.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. On October 27, 1922, Thomas J. Treadaway was adjudicated a bankrupt. This is a plenary suit by the trustee in bankruptcy to cancel two deeds from the bankrupt to his wife, on the ground that such deeds were made with intent to hinder, delay, and defraud the bankrupt's creditors. The deeds were recorded June 20, 1921. One of them was executed on March 1, 1918, and recites a consideration of $5,000 and love and affection. The property described therein is referred to in the record as the home place. The evidence of the trustee tended to show that at the time this deed was executed the bankrupt was insolvent; that no change thereafter occurred in the character of possession. The defendants, Treadaway and his wife, assumed the burden of showing that this conveyance was valid. Their testimony was substantially as follows: Mrs. Treadaway inherited from her father $6,000, which he had accumulated in the dairy business. Shortly after her father's death she married Treadaway, and lent him the money which she had inherited, and with it he purchased the home place upon which the defendants had continued to live for more than 30 years. In the course of time,

Treadaway adopted a child, who afterwards, married, but continued to live with them. In 1918 Mrs. Treadaway demanded a settlement of her claim for money lent to her husband, because of the adoption of the child, and agreed to accept the home place in cancellation of her husband's debt. In compliance with this demand and in order to satisfy his wife's claim, Treadaway conveyed to her the home place; but the deed was not recorded immediately for the reason that it was not thought necessary, and Treadaway continued to make returns for taxes in his name, upon the statement of the tax assessor that it was proper to do so notwithstanding the conveyance to his wife. Treadaway could sign his name, but was illiterate. Treadaway was indebted and probably insolvent, but had considerable other property and good credit at the banks. On June 14 and 15, 1921, he was sued for so negligently operating his automobile as to run over and kill a child; damages in the sum of $35,000 being claimed. Two banks were the principal creditors, and immediately after the suits for damages were brought they both demanded security for Treadaway's debts to them. Treadaway refused to secure his debts with the home place, stating that it belonged to his wife, and thereupon placed both deeds in question upon record. The bankrupt's indebtedness was only slightly increased from 1917 to 1921. In June, 1921, Treadaway sold stock he held in one of the creditor banks for $4,000 and applied the proceeds to the payment of his debts, and in December, 1921, he surrendered a life insurance policy for its cash surrender value of $1,980, the proceeds of which he likewise applied to the payment of his debts.

As to the town lot, Treadaway and his wife both testified to a straight out sale for $1,000 paid by Mrs. Treadaway in currency, which she claimed to have saved up. It appeared that since 1907 Mrs. Treadaway had a bank account. Treadaway testified that he paid out the $1,000 received from his wife for the town lot, and named individuals and business concerns to whom the payments were made, but failed to produce them at the trial in corroboration of his statement.

The district judge heard the testimony and held that the advances were not made with intent to hinder, delay, and defraud creditors, and refused to cancel the deed to the home place, but further held that the defendants had failed to carry the burden of proof in not calling corroborating witnesses to show the payment of $1,000 for the town.

lot, and ordered the deed to it to be canceled, on the ground that it was made while Treadaway was insolvent, and was not conclusively shown to have been made for a valuable consideration, and must be construed to be a voluntary conveyance.

The trustee has filed an appeal to reverse the decree as to the home place, and the bankrupt and his wife have filed a cross-appeal, insisting that it was error to cancel the deed to the town lot.

[1-3] No questions of law are involved, but the assignments of error raise only questions of fact. While it is true that certain badges of fraud were shown, we are unable to say that the burden thus cast upon the defendants to sustain the integrity of the transactions as to the home place was not met. While the bankrupt was probably insolvent, he did not act as if he believed he was. The application of the cash surrender value of his life insurance and the proceeds from the sale of the bank stock to the payment of his debts is strong evidence of an honest intent and desire to satisfy the claims of his creditors. The evidence fails to show an intent to conceal the execution of the deeds. It is entirely consistent with the testimony of the defendants that there would be no outward evidence of a change of possession of the home place. They continued to live on it and use it as they had previously done. It was within the province of the district judge who heard the witnesses to pass upon the weight of the evidence, and the circumstances relied on to overturn his conclusion upon the facts are not strong and persuasive enough to enable us to hold as a matter of law that it was error to refuse to cancel the deed to the home place. On the other hand, we are of opinion that the failure of the defendants to corroborate the payment of the consideration of $1,000 for the town lot afforded sufficient ground for canceling the deed to the town lot.

The decree of the District Court is therefore affirmed on both the original and the cross appeal.